**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
JAMES LIGHTFOOT,                       )
                                                          )
        Plaintiff,                                  )
                                                          )
                                                          )
                                                          )       Civil Action No.: 04-1280 (RBW)
                                                          )
DISTRICT OF COLUMBIA, et al.,      )
                                                          )
        Defendants.                             )
_____ )


**<u>MEMORANDUM OPINION</u>**

On July 30, 2004, the plaintiff, an employee of the District of Columbia Public Schools

("DCPS"), filed this action against defendants Robert Graves and the DCPS. The plaintiff

asserted the following claims against them: (1) violation of the Federal Family and Medical

Leave Act ("FMLA"), 29 U.S.C. §2601, <u>et seq.</u> (2000); (2) violation of the District of Columbia

Family and Medical Leave Act ("DCFMLA"), D.C. Code §32-501, <u>et seq.</u> (2003); (3) breach of

contract; and (4) intentional infliction of emotional distress. Complaint ("Compl.") at 7-8. On

August 5, 2005, the defendants requested judgment on the pleadings arguing that (1) the plaintiff

failed to provide a timely and complete medical certification required by the FMLA,

Defendants' Motion for Judgment on the Pleadings ("Defs.' Mot. for Judgment") at 4-7, (2) the

plaintiff had not alleged sufficiently that he is suffering from a serious health condition, <u>id.</u>, (3)

the plaintiff's DCFMLA claim is barred by the statute's one-year statute of limitations, <u>id.</u> at 7,

(4) this Court lacks subject matter jurisdiction over the plaintiff's breach of contract claims, <u>id.</u> at

7-8, and (5) the defendants have absolute governmental immunity as to his intentional infliction of emotional distress claim, and in any event, the plaintiff has alleged no facts in his complaint that satisfy the "outrageousness" requirement necessary to establish an intentional infliction of emotional distress claim, id. at 8-12. On January 10, 2006, this Court issued a Memorandum Opinion and Order granting the defendants' Motion for Judgment on the Pleadings. See Memorandum Opinion and Order dated January 10, 2006. Currently before the Court is the Plaintiff's Motion for Relief from Judgment ("Pl.'s Mot. for Relief") pursuant to Federal Rules of Civil Procedure 59 and 60, and local rule 7, and his Motion for Leave to Amend Plaintiff's Motion for Relief from Judgment.[1] Although the Court will permit the plaintiff to amend his motion as requested, for the reasons set forth below, his request for relief from the judgment will be denied.

## I. Factual Background

The DCPS hired the plaintiff as an Assistant Principal for Spingarn Senior High School ("Spingarn") in August 2001. Compl. at ¶ 4. On March 12, 2003, the plaintiff submitted an "Application of Leave," which requested medical leave for 24 days commencing on March 13, 2003 and concluding on April 15, 2003, due to alleged "severe job related anxiety and stress." Id. ¶ 5. The plaintiff's application included a medical certification from his physician, Dr. Thomas Gay, recommending that the plaintiff not work for at least one month. Id. In response to the plaintiff's request, Robert Graves, the Principal at Spingarn, sent a letter to the plaintiff informing him that the proper procedure for requesting such leave was to complete an

---

[1] The following papers have been submitted to the Court in connection with the plaintiff's motions: (1) the Defendants Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration ("Def.'s Opp'n"); and (2) the Plaintiff's Reply to Defendant's Opposition Motion ("Pl.'s Reply").

"Application for Leave of Absence Re: Extended Leave of Absence and the Family Leave Act," id. ¶ 6, and Mr. Graves included a copy of this document with his response. Id.  In addition to being requested to complete the application, the plaintiff was also told by Mr. Graves that he was required to submit all necessary supporting documentation along with the application and comply with the requirements of both the "Family Leave Act and the Board [of Education] Rules." Id. Moreover, the letter from Mr. Graves noted that until the plaintiff completed the enclosed application and his request was approved, he would be placed on absent without leave status, which could lead to disciplinary actions. Id.  After Mr. Grave's issued his response, one of the school's employees, a time keeper, notified the plaintiff that "she had not received his medical certification and [without it she] could not process [her] payroll. Id. ¶ 7.  To address this deficiency, the plaintiff allegedly delivered the medical certification to the school. Id. Nonetheless, on April 3, 2003, the plaintiff received a letter from Mr. Graves stating that he was "no longer privileged to enter the premises or grounds of Spingarn . . . ." Id. ¶¶ 7-8.  This letter also notified the plaintiff that all further communications by him should be directed to the Assistant Superintendent for the DCPS. Id. ¶ 8.

Following receipt of the April 3 letter, the plaintiff initiated a formal grievance procedure by submitting a grievance statement to Assistant Superintendent Lynette Adams. Id. ¶¶ 9-13. However, before the grievance process commenced, the plaintiff was notified that he should return to work on May 5, 2003. Id. ¶ 15.  In response, on May 4, 2003, the plaintiff sent a letter to Mr. Graves stating:

> This letter is to notify you that pursuant to D.C. Code [§] 32-506 and District of
> Columbia Municipal Regulations Title 1600 – the Family Medical Leave Act – I will be
> away from my job as Assistant Principal at Spingarn High School for a period of sixteen

(16) weeks or less depending upon the advise of my medical doctor.  This is also to notify you that the original "Application for Leave" I submitted on March 14, 2003 is now being converted to absence under the Family and Medical Leave Act.  Therefore, my Medical Leave remedies are retroactive to March 14, 2003.  In accordance with the Act, I will be submitting to you a medical certificate issued by my health care provider as soon as practicable.  I have an appointment with my doctor scheduled for Monday, May 5, 2003.

Id. ¶ 16.

In a letter dated May 7, 2003, the plaintiff was informed that his employment had been terminated. Id. ¶ 18.  In a separate letter, the plaintiff was informed that he could continue to pursue his informal grievance through the Council of School Officers ("CSO"), as it is the exclusive representative of assistant principals. Id.  Dissatisfied with the processing of his informal grievance, and believing that it had not been fully resolved, the plaintiff resubmitted his grievance to the Superintendent for the DCPS. Id. ¶ 19.  When the plaintiff did not receive a response from the Superintendent, he filed an administrative complaint with the Equal Employment Opportunity Counsel ("EEOC") for the DCPS. Id.  The EEOC failed to timely investigate the plaintiff's allegations within the required statutory time period, and, the plaintiff then filed a complaint with the District of Columbia Office of Human Rights. ("DCOHR"). Id. ¶¶ 21-22.

The parties thereafter attempted to resolve the dispute without success. Id. ¶¶ 23-24.  Thus, the plaintiff withdrew the administrative complaint he had filed with the DCOHR and filed his judicial complaint with this Court. Id. ¶ 35.  The plaintiff noted in his complaint filed with the Court that he received a "Certificate of Disability" from his physician on May 20, 2003, which stated that he could not return to work until June 15, 2003. Id. ¶ 17.  However, the plaintiff acknowledged that he never submitted the certificate to his employer. Id.

As indicated, on January 10, 2006, this Court granted the Defendant's Motion for
Judgment on the Pleadings. Lightfoot v. District of Columbia, No. 04-1280 (RBW) ("Jan. 10,
2006 Mem. Op.").   Currently before the Court is the Plaintiff's Motion for Relief from
Judgment.[2]   Included with the plaintiff's motion are two physician disability certificates, one
dated March 14, 2003, which was referenced in the plaintiff's complaint, Compl. ¶ 5, and one
dated April 15, 2003, which was not referenced in the complaint.  And submitted with his
Motion for Leave to Amend Plaintiff's Motion for Relief from Judgment are two additional
physician disability certificates, one dated May 5, 2003, which was not referenced in the
complaint, and one dated May 20, 2003, which was referenced in the complaint. Id. ¶ 17.
However, the only physician disability certificate the plaintiff stated in his complaint was
submitted to the DCPS was the March 14, 2003 certificate. Id. ¶ 5.  It appears that the plaintiff is
now seeking to amend his complaint by making all of the physician disability certificates part of
the complaint, which in this amended posture  the plaintiff seemingly contends would have
precluded this Court from entering judgment for the defendants on the pleadings and therefore he
is entitled to relief from the judgment.

## II. Standard of Review

Motions for reconsideration are governed by either Federal Rule of Civil Procedure 59(e)
or 60(b). See Anyanwuaktu v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998).  Rule 59(e) permits
a party to file a motion to alter or amend a judgment within "10 days after entry of the judgment."
Fed. R. Civ. P. 59(e). See Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094,
1098 (D.C. Cir. 2003) (stating that a Rule 59(e ) motion "must be filed within 10 days of the

---

[2] The only claim pled in his complaint for which the plaintiff appears to be seeking relief is his FMLA
claim, as this is the only claim addressed in his current motion.

challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or 'any other day appointed as a holiday by the President'"). This language is mandatory, and District Courts do not have discretion to enlarge Rule 59(e)'s timing requirement. <u>Derrington-Bey v. D.C. Dep't of Corrections</u>, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Rule 60(c), however, allows a party to seek relief from a final judgment pursuant to Rule 60(b) "within a reasonable time" after entry of the final judgment, but only for reasons specified in the Rule. Fed R. Civ. P. 60(c). And district judges "[are] vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion . . . ." <u>Twelve John Does v. District of Columbia</u>, 841 F.2d 1133, 1138 (D.C. Cir. 1988).

### III. Legal Analysis

The plaintiff contends that this Court should reconsider its judgment entered on January 10, 2006, because he was treated twice by his healthcare provider during the original period of incapacitation and these treatments trigger the protection provided by the FMLA. Pl.'s Mot. at 1-2. Specifically, the plaintiff asserts that the additional medical certificates submitted with his motion for relief from the Court's judgment present "previously undisclosed fact[s] so central to the litigation that [they] show the initial judgment to have been manifestly unjust [and therefore] reconsideration under [R]ule 60(b) is proper even though the failure to present that information was inexcusable." Pl.'s Reply at 4-5. In opposition, the defendants respond that (1) the Court lacks jurisdiction to grant the relief requested by the plaintiff, Def.'s Opp'n at 2, (2) the Court should deny the motion because the plaintiff may not now amend his complaint, <u>id.</u> at 2-3, and (3) Rule 60(b) does not authorize relief from the judgment under the circumstances of this case, <u>id.</u> at 3-4. Upon review of the pleadings and supporting memoranda submitted by the

parties, the Court finds that the plaintiff's motion for relief from the judgment must be denied for several reasons.

**A. Plaintiff's Request for Relief Under Rule 59(e)**

"Once a final judgment has been entered, a court cannot permit amendment of the complaint under Rule 15(a) of the Federal Rules of Civil Procedure unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.'" Jung v. Ass'n of Am. Med. Colls., 226 F.R.D. 7, 9 (D.D.C. 2005) (quoting Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  The viability of a plaintiff's post-judgment Rule 15(a) motion therefore initially depends on the sustainability of the Rule 59(e) motion.  See Firestone, 76 F.3d at 1208 (stating that parties moving to amend their complaint after an adverse judgment has been rendered against them must first satisfy Rule 59(e) before the court can consider a Rule 15(a) motion to amend); see also Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) (declaring that "[o]nce the district court granted [the] motion[] to dismiss, [the moving party] could amend the complaint 'only by leave of court or by written consent of the adverse party' . . . coupled with a motion under Rule 59(e) to alter or amend the judgment") (internal citation omitted).  Here, by asking the Court to include as part of his complaint the previously omitted medical certificates dated April 15, 2003 and May 5, 2003, which collectively cover the alleged incapacitation period of March 13, 2003  to June 15, 2003,  the plaintiff is asserting factual allegations that were not raised in his original complaint.  As such, the relief requested by the plaintiff is synonymous with a request to amend his complaint.

As noted above, Rule 59(e) requires that a motion to alter or amend a judgment be "filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).  In computing the time for filing a motion for reconsideration under Rule 59(e), the day the judgment was entered is excluded while the day the motion was filed is included in the calculation.  Fed. R. Civ. P. 6(a)[3]; Mashpee Wamponoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1098 (D.C.Cir.2003) (applying Rule 6(a) in calculating the time for filing a Rule 59(e) motion).  Additionally, since the period prescribed by Rule 59(e)  is less than 11 days, "intermediate Saturdays, Sundays, and legal holidays" shall be excluded in the computation. Fed. R. Civ. P. 6(a)(3).  This Court's Memorandum Opinion, which awarded defendants judgment on the pleadings, was issued on January 10, 2006.  Thus, the last day on which the plaintiff could file a motion to alter or amend the judgment under Rule 59(e) was January 25, 2006. The plaintiff's motion was not filed until March 22, 2006, well past the Rule 59(e) deadline.  Accordingly, the plaintiff's motion for relief is untimely under Rule 59(e).  Thus, the plaintiff's motion for relief under this Rule must be denied.

## B. Plaintiff's Request for Relief Under Rule 60(b)

Having filed his motion for reconsideration more than ten days after entry of the judgment, the relief the plaintiff is seeking must be considered under Rule 60(b).[4]  See Butler v.

---

[3] The filing date is not included in the last day for the filing of the motion if it was on a Saturday, Sunday, legal holiday or the clerk's office was inaccessible on that day due to inclement weather or other conditions.  Id.

[4] On February 7, 2006, the plaintiff filed a Notice of Appeal indicating that he was appealing this Court's January 10, 2006 judgment.   Subsequently, on March 22, 2006, the plaintiff filed his Motion for Relief from Judgment with this Court.  In a situation like this, "the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" Piper v. U.S. Dep't. of Justice, 374 F. Supp. 2d 73, 77 (D.D.C. 2005) (citing U.S. v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citation omitted)).  Nonetheless, although this

(continued...)

Pearson, 636 F.3d 526, 529 (D.C. Cir. 1980) ("although a motion is made under Rule 59, if it is

not timely so that it may not properly be considered thereunder, it may, nevertheless, be

considered as a motion under Rule 60 when it states grounds for relief under this latter rule.")

(citation omitted);  McMillen v. District of Columbia, 233 F.R.D. 179, 180  n.1 (D.D.C. 2005)

(holding that motions to reconsider filed within ten days of judgment are treated under Rule 59(e)

and those filed after ten days are treated under Rule 60(b) (citations omitted).  Rule 60(b)

provides several grounds upon which a motion to reconsider may be granted. Fed. R. Civ. P.

60(b)(1)-(6).  Such motions may be granted only upon a showing of:

> (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment
> is void; (5) the judgment has been satisfied, released, or discharged, it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is no
> longer equitable; or (6) any other reason that justifies relief.

Id. The only two subsections of Rule 60(b) that appear applicable in this situation are

subsections (b)(2) and (b)(6).[5]

---

[4](...continued)

"court's hands are somewhat tied" because of the appeal, it "may outright deny, but cannot outright grant a Rule 60(b) motion [while the case is on appeal]."  If the court is inclined to grant a Rule 60(b) motion while appellate review is ongoing, 'the [d]istrict [c]ourt may consider the 60(b) motion, and, if the [d]istrict [c]ourt indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted.'" Piper, 374 F. Supp. 2d at 77 (citing LaRouche v. Dep't of Treasury, 112 F. Supp. 2d 48, 52 (D.D.C. 2000) (citing Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991)) (additional citations omitted)); see also Hoai, 935 F.2d at 312; see generally, 12 JAMES WM. MOORE, MOORE'S, FEDERAL PRACTICE §60.67[2] (3d ed. 2007).  Having concluded that the plaintiff is not entitled to relief under Rule 60(b), the Court will consider the merits of his motion.

[5] The plaintiff alludes to subsection 60(b)(1) as a basis for granting his requested relief, but fails to present anything that supports relief being granted under this provision of the Rule. See Pl.'s Mot. for Relief at 2.  In any event, subsection (b)(1) has no applicability in this situation  because the plaintiff's failure to give the medical certificates to his attorney does not qualify as "inadvertence" under Rule 60(b)(1).  See Bershad v. McDonough, 469 F.2d 1333, 1337 (7th Cir. 1972) (affirming that "neither

(continued...)

**1. Rule 60(b)(2)**

The plaintiff has failed to establish that under subsection (b)(2) the additional

medical certificates submitted with his motion for relief from the judgment are "newly

discovered evidence" that could not have been discovered through "reasonable diligence."

Fed. R. Civ. P. 60(b)(2).  In order to receive relief from a judgment under Rule 60(b)(2),

the movant must demonstrate that "(1) the newly discovered evidence [is] of facts that existed at

the time of trial or other dispositive proceeding, (2) the [party seeking relief] must have been

justifiably ignorant of [the evidence] despite due diligence, (3) the evidence must be

admissible and of such importance that it probably would have changed the outcome, and (4)

the evidence must not be merely cumulative or impeaching." U.S. v. Int'l Bhd. of Teamsters,

247 F.3d 370, 392 (2d Cir. 2001) (citations omitted); Mitchell v. Shalala, 48 F.3d 1039,

1041 (8th Cir. 1995) (citations omitted); see also Manhattan Cent. Studios v. N.L.R.B., 452

F.3d 813, 817 n. 6 (D.C. Cir. 2006) ("relief under Rule 60(b)(2) requires that the moving

party show, among other requirements, that he was diligent in discovering the new

evidence") (citing Jones v. Lincoln Elec. Co., 188 F.3d 709, 732-35 (7th  Cir. 1999)); In re

Korean Air Lines Disaster of September 1, 1983, 156 F.R.D. 18, 22 (D.D.C. 1994) (citing

Goland v. CIA, 607 F.2d 339, 371 n.12 (D.C. Cir. 1978), cert denied, 445 U.S. 927 (1980)

---

[5](...continued)
ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b)[(1)]
relief") (citations omitted).  Additionally, subsections (b)(3), (4), and (5) are not applicable to this case
since the plaintiff does not allege fraud, that the judgment is void, or that the judgment has been satisfied,
released, or discharged.  Fed. R. Civ. P. 60(b)(3)-(5).

(additional citations omitted).  The plaintiff has failed to satisfy three of the four prongs of this test.

Under the first prong of this four part test, "evidence cannot be newly discovered if it was known to the party at the time of trial." Lans v. Gateway 2000, Inc., 110 F. Supp. 2d 1, 5 (D.D.C. 2000) (citing Parilla-Lopez v. U.S., 841 F.2d 16, 19 (1st Cir. 1998)).   Additionally, "evidence in the possession of the party before the judgment was rendered. . . is not newly discovered evidence that affords relief [under Rule 60(b)(2)]." Id (citations omitted). Here, the plaintiff was not ignorant to the existence of the medical certificates he now wants made part of his complaint.  In fact, in his motion for relief, although the plaintiff does not acknowledge possessing of the certificate of disability dated May 5, 2003, when his attorney was preparing his complaint, he does admit that he was in possession at that time of the second certificate of disability dated April 15, 2003, which covered the period of incapacitation from April 15, 2003 to April 22, 2003.  Pl.'s Mot. at 2.  Further, he remained in possession of the second certificate of disability throughout the duration of the litigation. Id.  Therefore, since the plaintiff had knowledge or possession of these medical certificates prior to the judgment on the pleadings being entered, the medical certificates are not newly discovered evidence for purposes of Rule 60(b)(2).

Under the second prong of the Rule 60(b)(2) test, the plaintiff "must demonstrate to the Court that the failure to produce the [medical certificates] did not result from a lack of diligence on his part, and that the evidence could not by the exercise of [reasonable] diligence have been discovered in time to present it in the original proceeding." Lans, 110 F. Supp. 2d at 5-6.  The plaintiff has proffered no explanation for why he was unable to timely

present the evidence, and only acknowledges that his untimely submission was due to inadvertence. Pl.'s Mot. at 2. Since the plaintiff was aware of the medical certificates and was in possession of at least one of them at all times throughout the litigation of this case, he cannot satisfy his burden of proving that he was justifiably ignorant of the certificates despite his due diligence.

The moving party must also show that the proffered evidence is "admissible and of such importance that it probably would have changed the outcome." Int'l Bhd. of Teamsters, 247 F.3d at 392; In re Korean Airlines, 156 F.R.D at 22. However, even though the medical certificates could likely change the outcome of the original judgment, there is "no exception [to the requirement of due diligence] to Rule 60(b)(2) for 'conclusive' evidence.'" See Cent. States S.E. & S.W. v. Cent. Cartage, 69 F.3d 1312, 1314-15 (7th Cir. 1995); see also 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE §60.42[10] (3d ed. 2007) (stating that "the requirement of reasonable diligence in discovering the evidence must still be satisfied in order to obtain relief [under Rule 60(b)(2)], even when the newly discovered evidence might be considered 'conclusive'").

Although there is a line of authority that appears to allow relief from a judgment based on newly discovered evidence in the absence of due diligence, the reasoning in these cases is inapplicable here, and in any event, is not a basis for granting the plaintiff relief under subsection 60(b)(2). In Ferrell v. Trailmobile, Inc., the Fifth Circuit granted a new trial where the evidence offered as grounds for relief appeared conclusive and proved that the basis for the underlying judgment had been previously satisfied. 223 F.2d 697, 698-99 (5th Cir. 1955). Specifically, the question before the Fifth Circuit in Ferrell was whether a

judgment of foreclosure should be vacated because the underlying debt had been paid. Id. at 698.  The court found that conclusive evidence of the debt's payment would defeat foreclosure and warranted setting aside the judgment "even though proper diligence was not used to secure such evidence for use at the trial."  Id.  The Fifth Circuit subsequently held that its holding in Ferrell applies to Rule 60(b)(5) and not subsection (b)(2), which expressly requires due diligence. See Johnson Waste Materials v. Marshall, 611 F.2d 593, 599 (5th Cir. 1980) (stating that "[u]nlike Fed. R. Civ. P. 60(b)(2), Rule 60(b)(5) on its face does not require that the evidence supporting the motion be 'newly discovered' or that the movant have exercised 'due diligence' to secure it . . . nor have we been willing to read such requirements into 60(b)(5) . . . .").  Other circuits also have limited Ferrell's holding to Rule 60(b)(5). See Central States, S.E. and S.W., 69 F.3d at 1314 (agreeing with Johnson's conclusion that a "litigant relying on new evidence as a reason to alter a judgment must demonstrate that the evidence could not have been obtained, in time, by diligent preparation," thus refusing to extend the Ferrell approach to Rule 60(b)(2) and "insisting that Rule 60(b)(2) be applied according to its text"); U.S. v. Philatelic Leasing, LTD., 794 F.2d 781, 788 (2d Cir. 1986) (refusing to substitute the Ferrell exception for the due diligence requirement of Rule 60(b)(2)); see generally, 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE §60.42[10].   "[A]pplication in this case [of the approach suggested in Ferrell] would require the Court to ignore the clear requirements of Rule 60(b)(2), and so the Court declines to undertake such an application." Lans, 110 F. Supp. 2d at 7.

Finally, the medical certificates included with the plaintiff's motion are not cumulative or merely relevant for impeachment and therefore satisfy the final prong of the

Rule 60(b)(2) test.  However, the Court having found that the plaintiff has failed to satisfy

the three other necessary elements required by Rule 60(b)(2), the plaintiff is not entitled to

relief under this subsection of the Rule.

**2. <u>Rule 60(b)(6)</u>**

Rule 60(b)(6), the "catch-all provision" of Rule 60(b), "gives [this Court] broad

latitude to relieve a party from a judgment for 'any other reason justifying relief from the

operation of a judgment'" not specified in the five preceding subsections. <u>Richardson v.Nat'l</u>

<u>R.R. Passenger Corp.</u>, 49 F.3d 760, 765 (D.C. Cir. 1995); Fed. R. Civ. P. 60(b)(6).

However, such latitude "should only be sparingly used." <u>Good Luck Nursing Home v.</u>

<u>Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980).  Relief under Rule 60(b)(6) should therefore be

granted only in "extraordinary circumstances." <u>Ackerman v. United States.</u>, 340 U.S. 193,

199-200 (1950).  Extraordinary circumstances may exist "[w]hen a party timely presents a

previously undisclosed fact so central to the litigation that it shows the initial judgment to

have been manifestly unjust . . . even though the original failure to present that information

was inexcusable." <u>Good Luck Nursing Home</u>, 636 F.2d at 577.  However, a party who "has

not presented known facts helpful to its cause when it had the chance cannot ordinarily avail

itself of [R]ule 60(b) after an adverse judgment has been handed down." <u>Id.</u>  Moreover, the

moving party must demonstrate that its case is "not the ordinary one" in order to obtain relief

under 60(b)(6). <u>Computer Professionals for Social Responsibility v. U.S. Secret Service</u>, 72

F.3d 897, 903 (D.C. Cir. 1996).

In <u>Government Financial Services One Ltd. P'ship v. Peyton Place, Inc.</u>, 62 F.3d 767,

774 (5th  Cir. 1995), the Fifth Circuit followed its previous ruling in <u>U.S. v. 329.73 Acres of</u>

Land, More or Less, 695 F.2d 922, 926 (5th Cir. 1983) and held that "a district court's

equitable powers under [Rule 60](b)(6) do not extend to considering evidence that could

have been presented at trial." In Government Financial Services One Limited Partnership,

the plaintiff-appellant, Peyton Place, Inc. ("Peyton Place"), appealed the district court's

denial of its motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) and its

motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  62 F.3d

at 770.  Specifically, after the district court denied Peyton Place's request for injunctive

relief, Peyton Place filed a Motion to Supplement, for New Trial and/or for Relief from

Judgment, and an Ex Parte Motion to File Supplemental Memorandum and Memorandum in

Support of its Motion for a New Trial and for Relief From Judgment in which it "informed

the court that it had obtained a copy of a forbearance agreement between Peyton Place and

Southern Savings, and that it had discovered that the first page of the condominium

mortgage filed in the Jefferson Parish mortgage records is a photocopy," Id. at 769, which

comported with its earlier position at trial that "the mortgage had been altered before it was

filed," id. Subsequently, Peyton Place filed an Ex Parte Motion to File Second Supplemental

Memorandum in Support of Motion for New Trial and/or Relief from Judgment and

Memorandum in Support in which it stated that "it had received a letter from Oster &

Wegener, Southern Savings' attorneys, and that Oster & Wegener claimed in the letter that

all of the documents in their possession concerning the relevant loans and mortgage had

been seized by the [Resolution Trust Corporation] [("RTC")] before the trial."  Id.  at 770.

Accordingly, "Peyton Place argued that the RTC's failure to produce these documents at trial

provided additional grounds for the court to reconsider its judgment."  Id.  Ultimately, "the

district court denied Peyton Place's motion, concluding that it 'amount[ed] to little more than an attempt to reargue its case . . . .'" Id. Peyton Place appealed the district court's ruling contending that the "district court erroneously refused to exercise its equitable powers under Rule 60(b)(6) to consider '[t]he evidence obtained after the trial and judgment (the photocopied first page in the mortgage records, the RTC's seizure of the Oster & Wegener files, and the Assignment of Proceeds of Contract referring to the forbearance agreement).'" Id. at 774. The Fifth Circuit reiterated its earlier ruling that "Rule [60(b)(6)] provides 'a grand reservoir of equitable power to do justice in a particular case,' but that well is not tapped by a request to present evidence that could have been discovered and presented at trial through the exercise of due diligence." Id. at 774 (citing U.S. v. 329.73 Acres of Land, More or Less, 695 F.2d at 926. The Fifth Circuit further found that had "[Peyton Place] exercised due diligence, [it] could have discovered and presented at trial the photocopied first page in the mortgage records, the RTC's seizure of the Oster & Wegner files, and the assignment of proceeds of contract referring to the forbearance agreement." Id. at 774. Therefore, the Fifth Circuit held that the "district court did not abuse its discretion in refusing to grant Peyton Place's Rule 60(b)(6) motion." Id.

Here, the plaintiff has not demonstrated any extraordinary circumstances that bring this case within the scope of Rule 60(b)(6). This conclusion is called for because the plaintiff merely presents evidence that is conceivably helpful to his cause that he knew about when his complaint was filed and when this matter was before this Court on the defendant's motion for judgment on the pleadings. Since the plaintiff was aware of the existence of the medical certificates and was in possession of one of them throughout the

course of this litigation, he is unable to demonstrate the extraordinary circumstances necessary to warrant relief under Rule 60(b)(6).  Legal authority has made the fault/no fault distinction the controlling factor in determining whether extraordinary circumstances exist. 12 MOORE'S FEDERAL PRACTICE §60.48[3][b] (3d ed. 2007) ("[C]ases seem to make [the] fault/no fault distinction the controlling factor in determining whether extraordinary circumstances will be found or not.")  This is so because the "primary requirement" of Rule 60(b)(6) is a showing of "justification for relief from the judgment." Harjo v. Andrus, 581 F.2d 949, 953 (D.C. Cir 1978).  "To justify relief under . . .  [60(b)](6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay." Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st  Cir. 2002) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393 (1993)); see also Lewis v. Barnhart, 73 Fed.Appx. 715 (5th Cir. 2003) (same); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (holding that no relief is available under Rule 60(b)(6) for a deliberate decision);  Taylor v. Chevrolet Motor Div. of General Motors Corp., No. Civ. A. 97-2988, 1998 WL 288434, at *3 (E.D. Pa. June 3, 1998) (to demonstrate the type of extraordinary circumstances required to justify relief under Rule 60(b)(6), it must generally appear that the movant is completely without fault of his predicament); Carrethers v. St. Louis-San Francisco Ry. Co., 264 F.Supp. 171 (W.D. Okla. 1967) (inexcusable neglect which amounts to contributory fault by the plaintiff will not provide the necessary extraordinary circumstances to warrant the extraordinary relief afforded by Rule 60(b)(6)); 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE §60.48[3][b] (3d ed. 2007) (discussing the Supreme Court's distinction between Klapprott v. United States, 335 U.S. 601, 604-09 (1949), where

the Court found extraordinary circumstances in the absence of fault by the moving party, and

Ackermann, 340 U.S. at 195-197, where the movant was at fault and the Court denied Rule

60 relief).   In this case, the plaintiff has not demonstrated extraordinary circumstances,

having failed to show that he was faultless in delaying the submission to the Court of the

medical certificates.   It was the plaintiff's own lack of due diligence that caused the

exclusion of the medical certificates from the record before judgment was entered against

him and not extraordinary circumstances beyond his control.  Accordingly, the plaintiff's

request for relief pursuant to Rule 60(b)(6) must be denied.

### Conclusion

For the reasons set forth above, the plaintiff has failed to demonstrate that he is

entitled to relief from this Court's January 10, 2006 judgment on the pleadings under either

Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  Thus, the Court is compelled to

conclude that the Plaintiff's Motion for Relief from Judgment must be **DENIED**.


      **SO ORDERED**.

           /s/_____
             REGGIE B. WALTON
             United States District Judge